IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GWYNN and                      :
BRENDON RYAN                           :          CIVIL ACTION
                                       :
   -vs-                   :          NO.
                                       :
CITY OF PHILADLEPHIA, CHARLES RAMSEY :
MICHAEL KELLY, MELVIN SINGLETON,       :
SALVATORE FEDE, AND FRANK PULOMBO   :          JURY TRIAL DEMAND

I.      INTRODUCTION

    1.      Plaintiff brings this civil action pursuant to the Civil Rights Act of 1964 (42 U.S.C. §1983 et seq.), and Plaintiff seeks all relief that is allowed and/or provided under Law and/or Equity.

    2.      This civil action is brought for a deprivation of federal rights under color of state law, as such rights are secured under the Laws of the United States, its Constitution, and where allowed under the Laws and Constitution of the Commonwealth of Pennsylvania.

    3.      Plaintiff in this civil action seeks such relief as, but not limited to, compensatory, consequential, nominal, and punitive damages, reasonable attorney fees, litigation costs. Punitive damages are not sought against the City of Philadelphia.

    4.      Plaintiff contends on or about December 13, 2009 they were deprived of their Four and/or Fourteenth Amendment Rights to Freedom from Unreasonable Search and Seizure and to valid or adequate Due Process of Law by Defendants Charles Ramsey, Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo.

5.      Principally, Plaintiffs were held in a room not allowed to leave or communicate without others for up to Five and a half hours.  During such time the Plaintiffs were search and the search included the removal of parts of the Plaintiff clothing.

6.      Plaintiffs contend on or about December 13, 2009 they were deprived of their First and/or Fourteenth Amendment Rights to Associate and be free of retaliation for engaging in Petition Clause activity by Defendants Ramsey, Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo.

7.      Principally, Plaintiffs were deprived by the Defendants under color of state law of their federally secured right to: associate with union members, each other, their friends and family; to engage in Petition Clause activity, such as to seek union assistance and file a grievance and not be retaliated for the activity, and to Due Process and Equal Protection of Law, as secured by the First and Fourteenth Amendments of the United States Constitution.

8.      Plaintiffs contend that Defendant Charles Ramsey order the Plaintiff to DPR and off street duty because they brought a grievance against the City of Philadelphia for being deprived of their free movement, liberty, and for opposing a unreasonably search and seizure by Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo.

9.      Further and following the grievance, the Plaintiffs were removed from patrol duties, placed in DPR, where they remained for Five plus months, and suffered lost wages and other benefits enjoyed by fellow employee police officers of the City of Philadelphia who are similarly situated as the Plaintiff.

10.      Plaintiffs contend they were treated differently in the terms or conditions of employment, contract, pay, and to association without valid or adequate due process, and in violation of their Fourteenth Amendments of the United States constitution.

11.     Plaintiff contends the deprivation and retaliation as identified above were done by the Defendants who at all times were acting:

    a-    Under Color of State Law.

    b-    Under a Policy, Practice or Custom of the City of Philadelphia,

    c-    Jointly and separately to achieve an illegal act through legal means or through a legal act for an illegal purpose.

    d-    Intentionally, recklessly, with gross negligence, purposefully, maliciously, wantonly, illegally, with deprived hearts, and/or in deliberate indifference to and/or reckless disregard for the Plaintiff's civil rights.

II.     JURISDICTION AND VENUE

12. Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 42 U.S.C. § 1983 et seq., The Civil Rights Act of 1964, its amendments and under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (3) and (4) (Civil Rights) and 29 U.S.C.1001 et. seq., Sec. 502.  Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the cause of action herein pleaded occurred in Delaware /Philadelphia County which is located in the venue established for the District Court for the Eastern District of Pennsylvania.  Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the state pendent claims.

III.    PARTIES

13. Michael Gwynn and Brendon Ryan (hereafter the Plaintiffs) reside and are domiciled in the County of Philadelphia, Commonwealth of Pennsylvania; on December 15, 2009 they were employees of the City of Philadelphia, employed as a Police Officer. Each is a "person" as intended under 42 USC 1983.

14. The City of Philadelphia is a municipal entity that exists and acts only pursuant to state law; it is a "person" as intended by the 1964 Civil Rights Act (42 U.S.C. 1983, et seq.). The City is an employer and subject to state and federal wage laws. The City operates through its employees of which include Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo. The City is the employer of the Plaintiffs and other Defendants for all times related to the causes of action Plaintiffs set forth below.

15. Charles Ramsey (hereafter Defendant Ramsey) is believed to reside and be domiciled in the County of Philadelphia, Commonwealth of Pennsylvania; he is an African-American male, he is the Police Commissioner for the City of Philadelphia and a person with the rule making authority for the City of Philadelphia's Police Department and/or final authority to impose or not impose discipline against Plaintiff. Ramsey is a policy making authority, and a "person" as intended under 42 USC 1983.

16. Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo are believed to reside and be domiciled in the County of Philadelphia, Commonwealth of Pennsylvania. For all times relevant to this action, these Defendants acted joint and separately with one another, to achieve a common purpose and purpose of their own; they are a "person" as intended under 42 USC 1983.

IV.    MATERIAL FACTS

17. Plaintiffs incorporate the preceding paragraphs hereto as though repeated verbatim.

18. On December 15, 2009 were employed by the City of Philadelphia, as Police officers, patrolling as Police officers their assigned work areas and lawfully and properly performing their police duties.

19. On December 15, 2009 the Plaintiffs worked two and one half hours overtime and were not paid for the work.

4

20. On or about December 15, 2009, Plaintiffs were called to the District house, and once back were intentionally placed and held in a room at the 9th Police District, Philadelphia, Pennsylvania.

21. The Plaintiffs were not permitted by Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo to leave the room or to communicate with others, including friends and family, for approximately five and a half hours. Further, in this same time the Plaintiffs were not permitted by Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo to use their cell phone or contact others. Gwynn was held for four and a half hours; Ryan was held for five and half hours.

22. Plaintiff protested the unreasonable search and seizure . The protest included filing a grievance with their Union. Plaintiffs filed a grievance under the Collective Bargaining Agreement between the City of Philadelphia and Plaintiffs' Bargaining Unit, Labor Union, the FOP Lodge 5.

23. After the Plaintiffs made a grievance against the City, they were ordered to DPR by Defendant Ramsey, Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo. Plaintiffs were removed from street duty and deprived for five and a half months of opportunity to overtime as enjoyed by all law abiding police officers.

24. Plaintiffs were deprived of their association rights, liberty, and freedom of movement; they were told to remove their top clothes and submit to a search, which order and search were done by Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Palumbo.

25. As a direct result of and/or the proximate and legal cause of the Defendants' actions, as afore-described, the Plaintiffs suffered economic damages and were humiliated, embarrassed, and suffered anxiety, and extreme emotional distress, which manifested to physical form, such as

twitching eyes, hair loss, weight change, mood swings, loss of sleep and headaches and upset stomach.

V. CAUSES OF ACTION

## Count I
## 42 USC 1983, et seq.
### First, Fourth and Fourteenth Amendment

26.     Plaintiffs incorporate all preceding paragraphs here and as though repeated for verbatim.

27.     Plaintiffs engaged in First Amendment Petition Clause activity to report a grievance against the City of Philadelphia for removing them from street duty, holding them in the station house and causing them to remove cloths and be searched.

28.     Plaintiffs in making their grievance under a Collective Bargaining Agreement, names Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo  as the persons causing the Plaintiff to be removed from street duty, held in the station house and causing the Plaintiff to remove cloths and be searched.

29.     Plaintiffs had not committed a crime, there was no reasonable articulate reason to believe the Plaintiffs had committed a crime, or should be held and/or searched by the Defendants.

30.     The Defendants did not have a warrant approved by the court or neutral detached judicial office, the consent of the Plaintiffs, exigent circumstance, or privilege of law to seize and/or search the Plaintiffs.

31.     The Defendants together and separately used a display of authority, force and coercion and color of state law to compel the Plaintiff to remain in the room and submit to a near strip search.

32.     Each Defendant including Ramsey, but not the City, has and had on December 13, 2009 a duty to stop another person, including each Defendant, except the City, from depriving a person of a civil right, including the civil rights of the Plaintiff, and each Defendant owed that duty to the Plaintiffs and failed to stop the other Defendants from depriving the Plaintiffs of their civil rights.

33.     The Plaintiffs were deprived under color of state law by Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo of such rights as: liberty, freedom from unreasonable seizures or search, right to not be retaliated for engaging in Petition Clause activity, due process and association, as such rights are secured under the First, Fourth and Fourteenth Amendments of the United States Constitution, and without adequate or valid due process of law.

34.     Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo acted separately or with one another to deny Plaintiff civil rights, and to do so through a use or misuse of police authority, and for the purpose or plan to achieve a lawful purpose in an unlawful manner, or to achieve an unlawful purpose in an unlawful manner. Such as, to deprive the Plaintiffs of their freedoms, liberty, reputations, right to associate with family and fiend, and freedom to be free of unreasonable seizure and search, and to valid or adequate due process of law and equal protection of law.

## COUNT II
### FAIR LABOR AND WAGE ACT
Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq.

35. Plaintiffs incorporate by reference all preceding paragraphs as though repeated verbatim herein.

36. The Fair Labor Standards Act provides that an employer must pay an employee for hours worked in excess of forty hours in a week  if the employer "suffer or permits" overtime to be worked by an employee. See, 29 U.S.C. §203(g). See also <u>Holzapfel v. Town of Newburgh, NY</u>, 145 F.3d 516 (2nd Cir. 1998).

37. On December 13, 2009, the City of Philadelphia was Plaintiff's employer and the City did cause or suffer the Plaintiffs to work overtime in excess of 2 and a half hours.

38. The City failed to pay Plaintiffs for the overtime that was worked.

39. The City's violation was willful.

**COUNT III**
**STATE CLAIMS**
**False Imprisonment & Pennsylvania Minimum Wage Act**
<u>**35 P.S. § 333.101 et seq. and 34 Pa. Code § 231.1 et seq.**</u>

40. Plaintiffs repeat all preceding paragraphs here as if fully each were set forth at length.

41. The City by not pay Plaintiffs for the overtime that was worked, the City violated the Pennsylvania Minimum Wage Act (35 P.S. § 333.101 et seq. and 34 Pa. Code § 231.1 et seq.)

42. By the City's violation of 35 P.S. § 333.101 et seq. and 34 Pa. Code § 231.1 et seq., the Pennsylvania Minimum Wage Act, the Plaintiff are entitled to statutory relief, such as payment of the overtime, interest and counsel fees.

43. Defendants Michael Kelly, Melvin Singleton, Salvatore Fede and Frank Pulombo intentionally caused through actual or apparent physical barrier, or by force, caused the confinement of the Plaintiffs without the Plaintiffs' consent and against their will, and such caused the Plaintiffs to suffer economic loss and personal injury.

44. Each Defendant, including Ramsey, was under a duty to prevent the other Defendants from causing the Plaintiff's confinements, and all breached that duty owed to the Plaintiff.

V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff s pray the Court enter judgment for them and against the

Defendants; to hold the Defendants joint and severally liable; to award the Plaintiffs such relief

as to make Plaintiffs whole, including such relief as, but not limited to, compensatory,

consequential and punitive damages, front and back pay, negative tax consequence relief,

reasonable attorney fees, litigation costs, and any and all other such relief, including equitable

relief, allowed by law or that the Court deems proper and just.

Date: 2/15/2011                                     Respectfully submitted,

                                                    BMP3198                    /s/
                                                    Brian M. Puricelli, Esquire
                                                    Attorney for the Plaintiffs

691 Washington Crossing Rd
Newtown PA 18940
215 504n 8115   puricellib@gmail.com